UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JAMES GARRETT aka OMARI TAHIR,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SEATTLE, SEATTLE SCHOOL DISTRICT, SEATTLE BOARD MEMBERS & EMPLOYEES ON NOV. 14, 2007, et al., as individuals,<br><br>Defendants. | CASE NO. C10-00094 MJP<br><br>ORDER ON DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND PLAINTIFF'S MOTION TO AMEND |

This matter comes before the Court on School District Defendants' motion for summary judgment (Dkt. No. 27), City Defendants' motion for summary judgment (Dkt. No. 41), and Plaintiff's motion for leave to amend his complaint (Dkt. No. 33.)  Having reviewed the motions, the responses (Dkt. Nos. 34, 36), the replies (Dkt. No. 38, 37, 44) and all papers related to the matters, the Court GRANTS School District Defendants' motion for summary judgment, GRANTS City Defendants' motion for summary judgment and DENIES Plaintiff's motion to amend.

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION TO AMEND- 1

**Background**

Plaintiff James Garrett filed a complaint pro se against the Seattle School District, the City of Seattle, and individual school board members and police officers based on his removal from a November 14, 2007 school board meeting.  Garrett alleges the school board interrupted his public testimony in violation of the Constitution, the Americans with Disabilities Act ("ADA"), the Washington Open Public Meetings Act ("OPMA"), and Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Complaint Pg. 2-4)

Garrett was scheduled to give public testimony at a school board meeting on November 14, 2007.  The topic of Garrett's testimony was the "African American Heritage Museum," a long-standing dispute between Garrett and the school board over the sale of the Colman School. (Dkt. No. 30, Chow Decl., Exhibit H.)  During his testimony, Garrett referred to Superintendant Goodloe-Johnson, an African-American, by stating "We have two types of black females in our history.  We have Harriet Tubmans and we have Aunt Jemimas and Sapphires." (Complaint Pg. 2.)

The testimony followed similar statements made by Garrett in other school board meetings.  In a meeting the year before, Garrett had referred to Defendant Chow, an Asian-American, and stated, "Ms. Chow knows about Wah Mee [a massacre that occurred at a Seattle Chinatown gambling club], and we're going to have a knock down, bloody civil war over Colman School." (Dkt. No. 30, Chow Decl. Exhibit I.)  In another meeting held January 2007, Garrett had stated, "You better get this [sale] straight because if we have to get this straight, some of us are not going to be here at this time next year." (Id.)

In light of Garrett's testimony in previous meetings, the school board members considered Garrett's reference to Aunt Jemima disruptive, recessed the meeting, and left the

1  room. (Dkt. No. 30, Chow Decl. ¶ 11-12.)  School board guidelines state, "No racial slurs,

2  personal insults, ridicule, or threats will be allowed."  (Dkt. No. 30, Chow Decl., Exhibit E)

3  They also permit the Chair to "call the speaker to order if the statement is too lengthy, or is

4  abusive, obscene, or otherwise inappropriate" and to "call for a recess or adjournment to another

5  time when the lack of public decorum so interferes with the orderly conduct of the meeting."

6  (Dkt. No. 30, Chow Decl., Exhibit D.)  On November 14, 2007, Garrett alleges that in addition to

7  the interruption of his testimony, "police were called," that Garrett was dragged from the floor,

8  and that he was "left lying [sic] injured on [the] sidewalk in the rain."  (Complaint Pg. 3.)

9  Garrett does not allege that School District Defendants called the police and it is unclear from the

10  record who did.

11       After the November 2007 meeting, Defendants Chow and Goodloe-Johnson obtained

12  protection orders from King County Superior Court against Garrett. (Dkt. No. 35, Estes Decl.,

13  Exhibit D, Pg. 51)  The Seattle Times reported on the protection orders in February 2008 and

14  described Garrett's comments as "racially charged."  (Id. at Pg. 48.)  Garrett sued the School

15  District Defendants in state court for defamation and the action was dismissed with prejudice

16  because the statute of limitations had run.  (Id. at Exhibit I.)

17                                        **Analysis**

18  I.       Standard

19       Summary judgment is not warranted if a material issue of fact exists for trial.  Warren v.

20  City of Carlsbad, 58 F.3d 439, 441 (9th Cir. 1995), cert. denied, 516 U.S. 1171 (1996).  The

21  underlying facts are viewed in the light most favorable to the party opposing the motion.

22  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).  "Summary

23  judgment will not lie if . . . the evidence is such that a reasonable jury could return a verdict for

24

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION TO AMEND- 3

1   the nonmoving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).  The party

2   moving for summary judgment has the burden to show initially the absence of a genuine issue

3   concerning any material fact.  <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 159 (1970).  Once the

4   moving party has met its initial burden, however, the burden shifts to the nonmoving party to

5   establish the existence of an issue of fact regarding an element essential to that party's case, and

6   on which that party will bear the burden of proof at trial.  <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317,

7   323-24 (1986).  To discharge this burden, the nonmoving party cannot rely on its pleadings, but

8   instead must have evidence showing that there is a genuine issue for trial.  <u>Id.</u> at 324.

9   II.      <u>School District Defendant's Motion for Summary Judgment</u>

10          a.      <u>First Amendment Claims Against Individual School District Defendants</u>

11          Garrett's First Amendment claims against the individual School District Defendants are

12  barred due to qualified immunity.  "The doctrine of qualified immunity protects government

13  officials 'from liability for civil damages insofar as their conduct does not violate clearly

14  established statutory or constitutional rights of which a reasonable person would have known.'"

15  <u>Pearson v. Callahan</u>, 129 S. Ct. 808, 815 (2009)(quoting <u>Harlow v. Fitzgerald</u>, 457 U.S. 800, 818

16  (1982)).  "The protection of qualified immunity applies regardless of whether the government

17  official's error is a mistake of law, a mistake of fact, or a mistake based on mixed questions of

18  law and fact."  <u>Id.</u> (quotation omitted).

19          To determine whether qualified immunity applies, the Court has discretion in applying

20  one or both steps of a two-step inquiry set out in <u>Saucier v. Katz</u>, 533 U.S. 194, 201 (2001).

21  <u>Pearson</u>, 129 S. Ct. at 818.  The two-step inquiry considers whether the plaintiff has alleged a

22  violation of a constitutional right and/or whether the right at issue was "clearly established" at

23  the time of the alleged misconduct.  <u>Id.</u> at 815-16.  To be considered "clearly established" for the

24

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION TO AMEND- 4

1    purposes of qualified immunity, "[t]he contours of the right must be sufficiently clear that a

2    reasonable official would understand that what he is doing violates that right." <u>Anderson v.</u>

3    <u>Creighton</u>, 483 U.S. 635, 640 (1987).

4        Garrett's claim fails the second inquiry:  his constitutional right under the First

5    Amendment was not clearly established.  Whether a claimed right is clearly established

6    "focus[es] upon the right not in a general, abstract sense, but rather in a practical, 'particularized'

7    sense." <u>Moran v. State of Washington</u>, 147 F.3d 839, 844 (9th Cir. 1998).  School District

8    Defendants responded to Garrett's offensive comments by recessing the meeting.  This action

9    came only after Garrett was mailed several letters requesting he comply with school board

10   meeting procedures.  (Dkt. No. 30, Decl. Chow, Exhibit A and B.)  In recessing the November

11   14, 2007 meeting, School District Defendants applied reasonable time, place, and manner

12   restrictions in order to limit Garrett's testimony, which had become repetitious and insulting.  A

13   reasonable official would not consider limits on offensive comments unrelated to school board

14   activities during a school board meeting to be violating Garrett's First Amendment rights.

15       The Court GRANTS summary judgment and DISMISSES Plaintiff's federal and

16   constitutional claims against individual School District Defendants based on qualified immunity.

17       b.    <u>First Amendment Claims Against the School District</u>

18       Garrett's First Amendment claim against the School District fails on the merits.  Under

19   the First Amendment, there are three categories of permissible regulation of speech: traditional

20   forums, non-public forums, or limited public forums.  <u>Perry Educational Ass'n v. Perry Local</u>

21   <u>Educators Ass'n</u>, 460 U.S. 37 (1983).  In a limited public forum, the state is not required to open

22   the facility to the public, but if it does so, it is bound by the same standards that apply in a

23   traditional public forum.  <u>Kindt v. Santa Monica Rent Control Board</u>, 67 F.3d 266, 270 (9th Cir.

24

1   1995)(distinguishing street corners from meetings of public bodies).  In other words, content-

2   based prohibitions are subject to strict scrutiny while reasonable time, place and manner

3   regulations are allowed.  Id.; see also White v. City of Norwalk, 900 F.2d 1421, 1425 (9th Cir.

4   1990)(upholding public council rule against disruptive speech). A public body "is not prohibited

5   from limiting discussion at public meetings to those subjects that it believes will be illuminated

6   by the views of others and in trying to best serve its informational needs while rationing its

7   time[.]"  Id.

8        The school board meeting was a limited public forum; however, the School District

9   Defendants did not bar Garrett from speaking about a particular topic.  The School District

10  Defendants' November 14, 2007 decision to recess the meeting was not content-based; it was

11  meant to limit Garrett's disruptive behavior by applying the school board's reasonable time,

12  place and manner restrictions.  Garrett made a derogatory comment and the School District

13  Defendants recessed the meeting according to school board procedures.  (Dkt. No. 30, Chow

14  Decl., Exhibit D.)  School District Defendants were forced to recess the meeting given that their

15  previous attempts to enforce school board procedures had gone unheeded.  In a prior meeting,

16  Garrett had ripped up the school board's letters warning him against threatening or disruptive

17  behavior.  (Id. at Exhibit I.)  The School District Defendants' request that Garrett keep his

18  statements respectful and their later adjournment of the meeting was permissible under the First

19  Amendment and understandable in light of their previous experiences with Garrett.

20        Because the School District Defendants did not violate Plaintiff's constitutional rights

21  when they applied reasonable time, place, and manner restrictions, the Court GRANTS summary

22  judgment and DISMISSES Plaintiff's claim against the School District.

23        c.    Washington Open Public Meetings Act ("OPMA")

24

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION TO AMEND- 6

1       The OPMA protects the public's right to attend the meetings of governing bodies.  RCW

2  42.30 et seq.   It does not recognize the public's right to speak at public meetings.  Id.

3  Additionally, the OPMA does not provide for a private tort action.  Mechanisms for private

4  enforcement of the OPMA are limited to requesting civil penalties and injunctions.  RCW

5  42.30.120, 42.30.130.

6       Here, Garrett alleges his right to speak was violated, which is not a cause of action under

7  the OPMA.  To the extent Garrett claims his right to attend the meeting was violated when he

8  was dragged off the floor, the OPMA provides no private tort claim.  If it did, Garrett's claim is

9  still barred by statute of limitations because he filed in January 2010 more than two years after

10  the November 2007 meeting.  RCW 4.16.130 (applying two-year statute of limitations for all

11  actions not specified).

12       The Court GRANTS summary judgment and DISMISSES Plaintiff's OPMA claim.

13       d.    RICO

14       Garrett fails to plead the elements necessary for a RICO claim.  Under RICO, a plaintiff

15  must allege (1) the conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity.

16  Sun Sav. & Loan Ass'n v. Dierdorff, 825 F.2d 187, 191 (9th Cir. 1987).  A person is engaged in

17  "a pattern of racketeering activity" when they commit at least two acts of thirty-five listed

18  federal or state law crimes including embezzlement, fraud, and money laundering.  18 U.S.C. §

19  1961(1).

20       The school board's decision to curtail his testimony was not a crime and does not fall into

21  the definition of "racketeering activity" set forth in 18 U.S.C. § 1961(1).  To the extent Garrett

22  intends to assert a RICO violation based on the "fraudulent transfer of the Colman School,"

23

24

1 Garrett's claim is precluded by his 2001 federal suit in Part II.D.  (Dkt. No. 28, Estes Decl.,

2 Exhibit D.)

3      The Court GRANTS summary judgment and DISMISSES the RICO claim.

4      d.    Contract Claim

5      Garrett's request that the court "order Seattle School District correct [the] fraudulent

6 transfer of the former Colman School" is precluded by his federal lawsuit filed in 2001.

7 (Complaint, Pg. 2-4)

8      The doctrine of claim preclusion preserves judicial resources and protects parties from

9 the burden of successive litigation.  Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 (1979).

10 Under claim preclusion, the Court must consider whether the prior ruling operated as a "final

11 judgment on the merits."  Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  An

12 "adjudication on the merits" includes involuntary dismissals on non-jurisdictional grounds.

13 Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).

14      Garrett's contract claim is barred by his federal action filed over the Colman School.

15 (Dkt. No. 28, Estes Decl., Exhibit F; Wilson and Tahir v. City of Seattle et al., CV01-00604.)  In

16 brief, Garrett alleged the school board breached a contract to transfer the Colman School site to

17 the African American Heritage Museum.  (Dkt. No. 28, Estes Decl, Exhibit A.)  The claim was

18 litigated in federal court, dismissed "with prejudice" at the summary judgment stage, and his

19 motion for reconsideration denied by Judge Barbara Rothstein in April 2003.  (Id.)

20      The Court GRANTS summary judgment and DISMISSESS the contract claim.

21 C.    City Defendant's Motion for Summary Judgment

22      Garrett also sues the City of Seattle and three city officials:  Kim Biggs and Chriseley

23 Lang, the two police officers who removed him from the November 14, 2007 meeting, and

24

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION TO AMEND- 8

1    Seattle Mayor Greg Nickels.  Since Mayor Nickels is included only in the caption of the

2    complaint and no factual allegations are actually made against him, Garrett's claims against

3    Mayor Nickels are DISMISSED.  The following analysis concerns the remaining City

4    Defendants.

5         a.    Fourth Amendment Claims against Individual City Defendants

6         Garrett alleges City Defendants Biggs and Lang "assaulted him" when they removed him

7    from the November 2007 meeting.  (Complaint, Pg. 2.)  Garrett's claims are barred by qualified

8    immunity because they fail at the first step of the two-part analysis discussed in Part II.B.:  no

9    constitutional violation occurred.

10        A Fourth Amendment violation for excessive force arises when an officer's action is not

11   "objectively reasonable" in light of the facts and circumstances confronting them.  Graham v.

12   Connor, 490 U.S. 386, 388 (1989).  In determining the reasonableness of officers' actions, the

13   court (1) assesses the severity of the intrusion on the individual's Fourth Amendment rights by

14   considering the type and amount of force inflicted; (2) analyzes the government's interests by

15   considering the severity of the crime; and (3) balances the gravity of the intrusion on the

16   individual against the government's need for that intrusion.  Espinosa v. City and County of San

17   Francisco, 598 F.3d 528, 537 (9th Cir.2010).

18        Here, the police officers were dispatched to the school board meeting after a 911 caller

19   reported Garrett was being disruptive.  (Amended Complaint, Dkt. No. 33; Dkt. No. 42, Biggs

20   Decl. ¶ 3.)  While Garrett alleges he was injured when the police officers dragged him from the

21   room (Amended Complaint, Dkt. No. 33), he does not dispute that, immediately before being

22   escorted out, he "dramatically lowered himself to the floor."  (Dkt. No. 43.)  Under the totality of

23   the circumstances, City Defendants Biggs and Lang used minimal force to remove Garrett even

24

1  if facts are viewed in a light most favorable to the Garrett.  The Fourth Amendment allows for

2  "some degree of physical coercion or threat thereof."  <u>Brooks v. City of Seattle</u>, 599 F.3d 1018,

3  1025 (9th Cir. 2010).  To the extent Garrett was injured, the City Defendants' actions were

4  "objectively reasonable."

5       Garrett also refers to violations under the First Amendment.  (Amended Complaint, Dkt.

6  No. 33.)  These claims appear to be against the School District Defendants alone since the police

7  officers arrived only after Garrett's public testimony was interrupted.   To the extent they are

8  asserted against City Defendants, the claims are barred by qualified immunity based on the same

9  analysis applied to School District Defendants.

10      The Court GRANTS summary judgment and DISMISSES this claim against City

11  Defendants Biggs and Lang based on qualified immunity.

12          b.      <u>Fourth Amendment Claims against the City of Seattle</u>

13      Garrett fails to state a claim against the City of Seattle under 42 U.S.C. § 1983.  To

14  establish liability against a municipality, Garrett must allege (1) a municipal policy, practice or

15  custom existed, which (2) directly caused a violation of his constitutional rights.  <u>Monell v. Dept.</u>

16  <u>of Social Svcs</u>, 436 U.S. 658, 694 (1978).  "It is only when the execution of the government's

17  policy or custom . . . inflicts the injury that the municipality may be held liable under § 1983."

18  <u>City of Canton v. Harris</u>, 489 U.S. 378, 385 (1989).  The policy, practice or custom cannot be

19  established based on the occurrence of a single incident of unconstitutional action by a non-

20  policymaking employee.  <u>Oklahoma City v. Tuttle</u>, 471 U.S. 808, 823 (1985).

21      Here, Garrett's allegations are based on a single incident—his removal from the board

22  meeting on November 14, 2007.  Garrett does not allege any improper policy, practice or custom

23  by the City of Seattle.  (Amended Complaint, Dkt. No. 33.)  Even if the police officers had

24

1  violated Garrett's constitutional rights in removing him, no factual basis suggests a municipal

2  policy, practice or custom existed causing the violation. (Id.)

3         The Court GRANTS summary judgment and DISMISSES Plaintiff's claim against City

4  of Seattle for failure to state a claim.

5         c.    Americans with Disability Act ("ADA")

6         To state a claim under the ADA, a plaintiff must allege they were excluded or

7  discriminated against by a public entity based on a disability.  42 U.S.C. § 12132.  While Garrett

8  states he is a disabled Vietnam veteran, he makes no factual allegations that he was removed

9  from the meeting based on his disability.  In fact, Garrett alleges he was removed based on a

10  statement made during public testimony.  The Court GRANTS summary judgment and

11  DISMISSES Plaintiff's ADA claim.

12         d.    RICO

13         Garrett alleges City Defendants violated RICO.  As discussed in Part II.D., Garrett fails

14  to plead the necessary elements for a RICO claim.  The Court GRANTS summary judgment and

15  DISMISSES the claim.

16  IV.    Plaintiff's Motion to Amend

17         In his amended complaint, Garrett adds five school board members as defendants and

18  alleges new state law defamation claims against School District Defendant Chow and

19  Superintendent Goodloe-Johnson.  Garrett's defamation claims are based on a February 2008

20  Seattle Times article reporting on the protective orders sought by Chow and Goodloe-Johnson

21  against Garrett.

22         a.    Additional School District Defendants

23

24

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION TO AMEND- 11

1    Garrett seeks to add Rita Butler-Wall, Mary Bass, Darlene Flynn, Michael DeBell and

2  Sally Soriano in his amended complaint.  (Amended Complaint, Dkt. No. 33)  While Garrett also

3  refers to "Mr. Tucker" and "McMinimee," neither are fully identified and therefore are not

4  considered defendants in this matter.  (Id.)

5    Garrett's motion to amend to add defendants is futile because the Court grants the School

6  District Defendants' motion for summary judgment with respect to all claims.  No cause of

7  action exists against the defendants that Plaintiff seeks to add.

8    The Court DENIES Plaintiff's motion to amend to add defendants.

9    a.    Defamation

10    Garrett's defamation claims are barred by claim preclusion.  As discussed above, a final

11  judgment on the merits precludes the parties from re-litigating the same claim that was raised in

12  the previous action.  Allen v. McCurry, 449 U.S. 90, 94 (1980).  Under claim preclusion, the

13  federal court must look to the preclusion principles of the state in which the earlier judgment was

14  rendered.  Migra v. Warren City School Dist. Bd. of Educ., 465 U.S. 75, 83-85 (1984).  In

15  Washington, a dismissal with prejudice is a final judgment on the merits for purposes of res

16  judicata.  Hisle v. Todd Pacific Shipyards Corp., 151 Wash.2d 853, 865 (2004); Maib v.

17  Maryland Cas. Co., 17 Wash.2d 47, 52 (1943).

18    Here, Garrett previously sued the School District Defendants for defamation in state court

19  based on the Seattle Times article.  Although Garrett sought a voluntary dismissal without

20  prejudice in that action, the state court dismissed with prejudice because the statute of limitations

21  had run.  (Dkt. No. 35, Estes Decl., Exhibit I.)  While the state judge included a handwritten note

22  stating, "this Order does not affect any rights plaintiff may have, if any, to pursue these claims in

23  existing federal cases," federal courts must give preclusive effect to state court judgments when

24

1   the state courts would do so.  Id.;  Allen, 449 U.S. at 96.  Since a Washington state court would

2   find the dismissal preclusive, this Court must also find the dismissal to bar Garrett's defamation

3   claim here.

4          The Court DENIES Plaintiff's motion to amend to include defamation claims.

5                                            **Conclusion**

6          Plaintiff has not produced a genuine issue of fact to support any of his claims.  The Court

7   GRANTS summary judgment and DISMISSES Plaintiff's claims against School District

8   Defendants and City Defendants.  The Court DENIES Plaintiff's motion to amend to add

9   defendants and defamation claims.

10         The clerk is ordered to provide copies of this order to all counsel.

11         Dated this 19th day of October, 2010.

12

13

14                                                     _____
                                                       Marsha J. Pechman
15                                                     United States District Judge

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' MOTIONS FOR
SUMMARY JUDGMENT AND PLAINTIFF'S
MOTION TO AMEND- 13